PATRICK SHIELDS, COUNTY COLLECTOR OF THE COUNTY OF PASSAIC, v. THE CITY OF PATERSON ET AL.

1. The relator, a board of chosen freeholders, passed a resolution making its annual appropriations, upon which the defendant, a municipality affected, made a direct attack by *certiorari*. The attack failed in respect to the item now under consideration because none of the reasons filed covered the point of its illegality. The relator now seeks by *mandamus* to compel payment, based upon this previous adjudication, and is met by an attempt to re-litigate the point. *Held*, that the parties to the *certiorari* record are bound by the adjudication had thereon and that the judgment of this court then pronounced is, until reversed, binding upon the court when acting upon the same matter between the same parties.

2. *Held*, that an act supplementary to proceeding by *mandamus* (*Gen. Stat.*, p. 2003, § 15) does not apply to the above state of facts.

---

On application for *mandamus*.

Argued at November Term, 1895, before Justices GAR-RISON and LIPPINCOTT.

For the relator, *De Witt C. Bolton.*

For the defendant, *Thomas C. Simonton.*

The opinion of the court was delivered by

GARRISON, J. The substantial controversy in this case is between two public trustees, to wit, the board of chosen freeholders of the county of Passaic and the mayor and aldermen of the city of Paterson, and the form in which it is presented is an application by the county upon the city for the payment of its proportion of the annual tax appropriation for the fiscal year ending May 31st, 1894. By a stipulation as to facts it appears that the city must pay to the county $24,297.70, if it must pay anything, and that the question whether it must pay anything depends upon whether it may dispute the legality of the item appropriating " $73,000 for payment of debt." It is admitted that the sum thus appropriated was in excess of any debt to which it might lawfully be applied, and that upon a direct attack the sum appropriated must be reduced to $39,456, in which event the city would owe nothing and this application would fall. The case turns, therefore, upon the right of the defendant, upon an application of this nature, to make an indirect attack upon the resolution passed by the board of freeholders. That this right would not, upon general principles, be accorded seems to be conceded, but our attention is directed to an act of the legislature supplementary to proceedings upon writs of *mandamus,* in these words : " In all proceedings by *mandamus* to enforce the collection or payment of a tax or appropriation, it shall and may be lawful to plead and show as a defence that such tax or appropriation is in whole or in part illegal," approved March 19th, 1895. *Pamph. L., p.* 339 ; *Gen. Stat., p.* 2003.

The applicability of this statute to the present case is denied by the relator upon the ground that the question of the legality of this appropriation is *res judicata.* It is an admitted fact that these defendants did seek by direct attack to annul or modify the resolution of the relators to *annul or modify* with respect to certain items, including the one now sought to be again litigated. That attack was by *certiorari,* and the judgment rendered was that the item of $73,000 must remain undisturbed. Reference to the opinion in that case

(27 *Vroom* 459) discloses that the prosecutor therein, who is the defendant here, failed to file any reason charging that this item was in excess of bonded indebtedness, and that under the general reasons this infirmity could not lead to a nullification of the action of the county board.

It will not seriously be contended that the legislature, giving to this act the broadest possible potency, evinced any purpose to unsettle the doctrine of *res judicata* or to prevent its application as theretofore. The only reasonable doubt that can arise is as to the application of that doctrine to a certain class of judgments, which, it may be argued, includes cases arising under *certiorari*. There is, however, a clear distinction between those cases in *certiorari* in which the action of inferior bodies is reviewable in this court, with mere notice to the persons really affected, and those in which the real parties are in court and submit on the record a direct issue of the legality of some proceeding of the one that injuriously affects the other. Under our judicial system the Supreme Court has a peculiar and exclusive jurisdiction relative to municipal action of the sort involved here: a municipal taxing power promulgates its budget as the basis for a levy; another municipality, bearing a fixed fiscal relation to the amount thus announced, desires to question the legality of certain items in so far as they affect its interests. It does so by *certiorari*, the only writ open to it; the issue is clearly cut and spread upon the record. Under these circumstances it is not perceived why the judgment thus pronounced should not be binding upon the same court when acting upon the same matter between the same parties.

The circumstance that the court did not, in point of fact, pass upon the merits of the special items is without legal weight. The doctrine of previous adjudication binds parties not only by what they chose to try before a competent tribunal, but also by whatever might have been tried in the form of action in which they were actors.

The conclusion to which I have come is that, notwithstanding the statute of 1895, these defendants cannot make

any collateral denial of the regularity of the resolution by which the relator established the appropriation in question.

The writ of *mandamus* is allowed in the form suggested by the opinion in *Shields* v. *Paterson*, 26 *Vroom* 495.